UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK S. SMITH,

    Petitioner,

-vs-                                                                                          Case No.  6:10-cv-216-Orl-31KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS,

    Respondent.

_____/

**ORDER**

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed replies (Doc. Nos. 25 and 26) to the response.

      Petitioner alleges four claims for relief in his habeas petition:  1) trial counsel was ineffective for failing to challenge the sentencing guidelines scoresheet; 2) he is entitled to "specific performance" of his plea agreement such that his sentence should be recalculated to the "new bottom of the guideline scoresheet totals"; 3) the state courts never held "evidentiary inquiries" into his claims; and 4) the trial judge who presided over his Rule

3.850 proceedings was not the same trial judge who sentenced him originally.

## I.     *Procedural History*

Petitioner was charged by information with burglary of a dwelling, third degree grand theft, and possession of burglary tools. Petitioner entered into a plea agreement in which, among other matters, he agreed to enter a plea of nolo contendere to burglary of dwelling. The trial court held a hearing on the plea and accepted it. The State subsequently entered a *nolle prosequi* as to the remaining counts. On May 3, 2006, the trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of 84.225 months. On May 29, 2006, Petitioner filed a motion to withdraw his plea, and, after holding an evidentiary hearing on the matter, the trial court denied the motion. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for correction, reduction, mitigation, and modification of sentence with the state trial court pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court, which was denied.[1] It does not appear that Petitioner appealed the denial.

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

---

[1]A copy of the trial court's order denying Petitioner's Rule 3.800 motion was included in Petitioner's Supplemental Exhibits (Doc. No. 26).

Petitioner then filed a petition for writ of habeas corpus with the state appellate court, which was denied.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

>indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.   *Standard for Ineffective Assistance of Counsel*

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the

---

[2] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

*Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.[3] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

C.   *Exhaustion and Procedural Default*

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[3] In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### III. Analysis

#### A. Claims One and Two

Petitioner argues in claim one that trial counsel was ineffective for failing to challenge the sentencing guidelines scoresheet and in claim two that he is entitled to "specific performance" of his plea agreement such that his sentence should be recalculated to the "new bottom of the guideline scoresheet totals." Claims one and two[4] were raised in Petitioner's Rule 3.850 motion, and, as discussed above, the motion was denied.

According to Petitioner, he "entered into a negotiated bottom of the guidelines score sheet totals plea." *See* Doc. No. 1 at 5. However, he alleges that the scoresheet totals were incorrectly calculated because they wrongly factored in certain out-of-state prior convictions. *Id*. Thus, he should have received a sentence of 2 ½ to 4 years. Petitioner alleges that counsel was ineffective for failing to challenge the sentencing guidelines

---

[4]Arguably, claim two was not raised in Petitioner's Rule 3.850 motion, and, therefore, would be procedurally barred. Petitioner has not demonstrated any applicable exception to the procedural bar, and, therefore alternatively, claim two is denied as procedurally barred.

scoresheet totals (claim one) and that he is entitled to "specific performance of his plea agreement to the new bottom of the guideline scoresheet totals" (claim two). *Id*. at 5, 8.

In the plea agreement, Petitioner acknowledged that the maximum possible sentence was imprisonment for a term of fifteen years; however, the parties specifically agreed that the prosecutor would recommend a sentence of 84.225 months. As a result of the plea agreement, the State also entered a *nolle prosequi* as to the remaining counts.

At the plea hearing, Petitioner informed the trial court that he had reviewed the plea agreement with his attorney and that his attorney answered any questions that he had about it. (Appendix C, Transcript of Plea Hearing at 12.) Petitioner also stated that he understood the maximum penalties involved in the case and that he had not been forced or threatened into entering his plea. *Id*. at 13.

It is clear from the record that Petitioner knowingly and voluntarily entered into his plea. As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not made a sufficient showing to refute the veracity of his responses in the state court or the weight his plea should be accorded in this Court.

Petitioner entered his plea in exchange for a negotiated sentence of 84.225 months, and he was subsequently sentenced according to the bargained-for term of imprisonment. Thus, Petitioner received precisely the sentence he bargained for--84.225 months, which

followed a knowing and voluntary guilty plea and was considerably less than the maximum possible sentence in this case. Further, the State entered a *nolle* prosequi as to the other two counts in the information.

Petitioner has not demonstrated that counsel acted deficiently with regard to this matter or that he sustained prejudice. In addition, since Petitioner has not shown that there was any violation of the plea agreement, there is no basis supporting the recalculation of his sentence through the "specific performance of the plea agreement."

As such, it cannot be said that the state court's denial of these claim s was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on these claims.

## B.     *Claims Three and Four*

Claims three and four were not raised with the state courts, and, therefore, they are procedurally barred. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims three and four are procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

9

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Frank S. Smith is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 11th day of May, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 5/11
Counsel of Record
Frank S. Smith

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.